Filed 3/14/2022 11:59 AM
Janice L. Hawthorne
District Clerk
Matagorda County, Texas
Robin Daniel, Deputy

CAUSE NO. 22-H-0107

| | | |
|---|---|---|
| **DAWN JONES** *Plaintiff,* | § § § | **IN THE DISTRICT COURT** |
| VS. | § § § § | Matagorda County - 23rd District Court **___ JUDICIAL DISTRICT** |
| **WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC, WAL-MART STORES TEXAS, LP, WAL-MART REAL ESTATE BUSINESS TRUST, and JOHN DOE NO. 1,** *Defendants.* | § § § § § § § | **MATAGORDA COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff DAWN JONES complaining of Defendants WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC, WAL-MART STORES TEXAS, LP, WAL-MART REAL ESTATE BUSINESS TRUST, and JOHN DOE NO. 1, and in support thereof would show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.  Pursuant to the provisions of Texas Rule of Civil Procedure 190.4, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level 3.

### II. PARTIES

2.  Plaintiff DAWN JONES is a resident of Tarrant County, Texas.

3.  Defendant WAL-MART STORES, INC. is incorporated under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas, and doing business in the State of Texas. Defendant WAL-MART STORES, INC. is an international retail, club, and grocery store chain with over 4,500 stores and clubs in the United States, including 408 stores in

EXHIBIT A

Texas. Defendant WAL-MART STORES, INC. currently employs more than 120,000 people in Texas. **Defendant WAL-MART STORES, INC. can be served by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. Service will be by private process server. Service is hereby requested at this time.**

4. Defendant WAL-MART STORES TEXAS, LLC is a single member limited liability company that is organized and existing under the laws of the State of Delaware, with its principal place of business located in Bentonville, Arkansas, and doing business in the state of Texas. Defendant WAL-MART REAL ESTATE BUSINESS TRUST is the sole member of Defendant WAL-MART STORES TEXAS, LLC. Defendant WAL-MART STORES TEXAS, LLC leases much of Walmart's private property in Texas as a result of lease agreements executed between it and an affiliate entity – Defendant WAL-MART REAL ESTATE BUSINESS TRUST, among others. Defendant WAL-MART REAL ESTATE BUISNESS TRUST is a subsidiary of Defendant WAL-MART STORES, INC. **Defendant WAL-MART STORES TEXAS, LLC can be served by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. Service will be by private process server. Service is hereby requested at this time.**

5. Defendant WAL-MART STORES TEXAS, LP is a Texas Limited Partnership. Defendant WAL-MART STORES TEXAS, LP operates hundreds of stores in Texas and generates billions of dollars in revenue in Texas. **Defendant WAL-MART STORES TEXAS, LP may be served with process in this action by delivering summons and a copy of this Petition to its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Service will be by private process server. Service is hereby requested at this time.**

6. Defendant WAL-MART REAL ESTATE BUSINESS TRUST is a Delaware business trust with its principal place of business located in Bentonville, Arkansas, and doing business in Texas. Defendant WAL-MART REAL ESTATE BUSINESS TRUST is the property owner of the subject Wal-Mart store, located in Texas. Defendant WAL-MART REAL ESTATE BUSINESS TRUST is a subsidiary of Defendant WAL-MART STORES, INC. **Defendant WAL-MART REAL ESTATE BUSINESS TRUST may be served with process in this action by delivering summons and a copy of this Petition to its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Service will be by private process server. Service is hereby requested at this time.**

7. Unless specifically stated otherwise, Defendants WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC, WAL-MART STORES TEXAS, LP, and WAL-MART REAL ESTATE BUSINESS TRUST will be collectively referred to as "Wal-Mart Defendants".

8. The above Defendants, WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC, WAL-MART STORES TEXAS, LP, and WAL-MART REAL ESTATE BUSINESS TRUST are involved in a partnership or joint venture, and/or each is the alter ego, agent, or apparent agent of the other.

9. Defendant JOHN DOE NO. 1, upon information and belief, is an individual who resides in Matagorda County, Texas, and who negligently failed to remedy or warn of the dangerous condition on the floor near the entrance of the subject Wal-Mart store. Further discovery is needed to ascertain the exact identity of Defendant John Doe No. 1, and the location where he may be served with process.

### III. VENUE AND JURISDICTION

10. Plaintiff seeks monetary relief over $1,000,000.00 pursuant to Texas Rule of Civil

Procedure 47(c)(5). The Court has jurisdiction over the lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

11. Venue is proper in Matagorda County, Texas, pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1) because Nueces County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; additionally, or alternatively because it is the residence of Defendant John Doe No. 1.

## IV. FACTUAL BACKGROUND

12. On September 7, 2020, Plaintiff, Dawn Jones was an invitee, a customer shopping at the Wal-Mart Store located in Baytown, Texas. At such time, grapes, and juice from the grapes, and/or slippery substances littered the floor near the entrance to the store. A greeter was present, and numerous other employees were milling around, however no one remedied or warned against this condition. JOHN DOE NO. 1., and other employees at the subject Wal-Mart, failed to promptly clean up the dangerous condition or warn of its presence on the floor within a reasonable time and failed to do so before the Plaintiff attempted to walk across the slippery section of floor, causing Plaintiff to fall, resulting in severe personal injuries. This severe hazard of the condition of the floor at the subject Wal-Mart store posed an unreasonable risk of harm to him. Plaintiff Dawn Jones sustained debilitating and permanent injuries as a result of the incident.

13. A Wal-Mart employee took photos of the grapes on the floor at the scene of the incident, to document the dangerous condition.

14. At the time of the incident, Defendants admittedly knew and should have known of the existence of the hazardous condition of the floor and knew or should have known that it could cause a customer, such as the Plaintiff, to fall.

15. At the time of the incident, the Defendants, who knew or should have known of the

existence of the hazardous condition of the slippery floor, did not exercise due care by giving Plaintiff any warnings of the hazards.

16. All Defendants operated both independently, as well as jointly and in concert with each other, when they each contracted to provide for the products and services required to operate, maintain, and repair the subject premises where Plaintiff was injured. Accordingly, the Defendants are individually, jointly, and severally liable for their acts and omissions, which directly and proximately caused the conditions that led to Plaintiff's injuries and damages.

17. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the injuries of Plaintiff, and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, and for the rest of his life.

## V. CAUSES OF ACTION AGAINST WAL-MART DEFENDANTS

### A. NEGLIGENCE

18. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully set forth herein.

19. At all times material hereto, Wal-Mart Defendants owned, maintained, operated and/or had responsibility over the property where Plaintiff was injured.

20. Wal-Mart Defendants were negligent. Wal-Mart Defendants had a duty to exercise the degree of care a reasonably prudent company would use to avoid harm to others under the circumstances similar to those described herein. Plaintiff's damages were proximately caused by Wal-Mart Defendants' negligence, carelessness, and reckless disregard of said duty.

21. The Wal-Mart Defendants were negligent. Wal-Mart Defendants' negligence, carelessness, and reckless disregard of their duty includes the following acts and omissions, based

on the information currently available to the Plaintiff:

  a. Failing to timely or properly clean the floor;

  b. Failing to timely or properly warn against the dangerous condition of the floor;

  c. Failing to provide adequate safety policies and procedures;

  d. Failing to maintain a safe environment for customers;

  e. Failing to properly inspect the subject premises and ensure protection from latent defects;

  f. Failing to remedy the dangerous conditions that existed on the subject premises;

  g. Failing to provide necessary and proper procedures and/or to train its employees to identify unreasonably dangerous conditions on the subject premises;

  h. Failing to provide necessary and proper procedures and/or to train its employees to prevent injuries caused by unreasonably dangerous conditions on the subject premises;

  i. Failing to install, maintain, and use safety processes, devices, and safeguards to make the subject premises and conditions safe for Plaintiff;

  j. Failing to provide, follow and enforce safety rules and regulations for the safety of customers;

  k. Failure to perceive unreasonably dangerous conditions that existed on the subject premises;

  l. Failing to perceive unreasonably dangerous conditions that Wal-Mart Defendants should have known existed on the subject premises;

  m. Failing to warn of existing dangerous conditions of which Wal-Mart Defendants knew or should have known;

  n. Failing to correct the unreasonably dangerous conditions that existed on the subject premises;

  o. Failing to properly supervise employees at the time of the incident;

  p. Allowing hazardous conditions to exist on the subject premises at the time

of the incident;

q. Failing to warn of the hazardous conditions that existed on the subject premises at the time of the incident.

r. Creating and allowing a dangerous condition to exist on the subject premises; and despite having knowledge of the dangerous condition, failing to remedy the condition to make the subject premises reasonably safe and/or to adequately warn Plaintiff, and others similarly situated, regarding the dangerous condition;

s. Failing to properly communicate safety measures and safety procedures to its employees;

t. Failing to ensure company standards and safety programs were appropriate and adequate, and/or to ensure standards and requirements that were imposed were followed;

u. Failing to ensure that all workers were properly trained;

v. Using or allowing unsafe substances on the floor;

w. Negligently and improperly undertaking to clean up the mess or warn customers; and

x. Other negligent acts.

22. Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the damages to Plaintiff.

### B. PREMISES LIABILITY

23. Plaintiff hereby incorporates by reference the preceding paragraphs, as if fully set forth herein.

24. In the alternative, the Wal-Mart Defendants were in possession and/or control of the premises where Plaintiff was injured. At the time of the incident, Plaintiff was an invitee on the premises under Defendants' control and management because he entered the premises with Defendants' knowledge and for their mutual benefit. There was a condition on the premises that

posed an unreasonable risk of harm to the Plaintiff and others similarly situated. The condition was such that the risk of bodily injury or death was so great that it was both unreasonable and foreseeable. Defendants knew or should have known of this unreasonable and foreseeable risk of harm, from the activities or conditions listed above, posed to Plaintiff and others similarly situated. In the alternative, Defendants had a duty to inspect the premises and make them safe but failed to do so. Defendants had a duty to make the premises safe and to refrain from injuring the Plaintiff willfully, wantonly, or through gross negligence, but failed to do so. Defendants failed to adequately warn Plaintiff of the unreasonably dangerous conditions described above and failed to make the conditions reasonably safe. The above-described failures were a proximate cause of the Plaintiff's injuries and damages.

### C. NEGLIGENT ACTIVITY

25. Plaintiff hereby incorporates by reference the preceding paragraphs, as if fully set forth herein.

26. Plaintiff was injured by or as a contemporaneous result of the above-described activities and/or the placement of the slippery substance on the floor and/or other affirmative contemporaneous activities of the Wal-Mart Defendants, rather than a condition of the premises. Such conduct, violated the standard of care by failing to do what a person or business of ordinary prudence in the same or similar circumstances would have done or not done, as set forth in the paragraphs above, incorporated herein fully by reference.

### VI. CAUSES OF ACTION AGAINST DEFENDANT JOHN DOE NO. 1

### A. NEGLIGENCE

27. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully set forth herein.

28. The negligence, carelessness, and reckless disregard of JOHN DOE NO. 1's duties consisted of the following acts and omissions, based on the information currently available to the Plaintiff:

   a. Negligently creating the above-described dangerous conditions;

   b. Failing to properly or timely clean or remedy the dangerous conditions;

   c. Failing to warn of the dangerous conditions; and

   d. Other negligent acts or omissions.

29. Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the damages to Plaintiff.

## VII.   GROSS NEGLIGENCE OF THE "WAL-MART DEFENDANTS"

30. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully set forth herein.

31. Plaintiff would show the Court and jury that the conduct of the Defendants WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC, WAL-MART STORES TEXAS, LP, and WAL-MART REAL ESTATE BUSINESS TRUST (collectively referred to as "Wal-Mart Defendants") as described herein constitutes gross negligence as defined in Texas Civil Practice & Remedies Code § 41.001(11)(A)-(B). As a result of the Wal-Mart Defendants' gross negligence, Plaintiff is entitled to exemplary damages.

32. "Gross negligence" according to the Texas Civil Practice & Remedies Code § 41.001(11)(A)-(B) means an act or omission:

   a. which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

    b. of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

33. The Wal-Mart Defendants are liable to Plaintiff for gross negligence—to wit:

    a. The Wal-Mart Defendants consciously and/or deliberately engaged in recklessness, willfulness, wantonness and/or malice through their actions, and/or inactions, and Defendants should be held liable for punitive and exemplary damages to Plaintiff; and

    b. The actions or inactions of the Wal-Mart Defendants directly and proximately caused injury to Plaintiff, which resulted in the damages detailed below.

34. As a result of such gross negligence of the Wal-Mart Defendants, Plaintiff is entitled to exemplary damages.

## VIII. DAMAGES

35. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

36. As a proximate result of the conduct of the Defendants, Plaintiff has serious injuries and resulting damages.

37. Plaintiff Dawn Jones seeks monetary damages from Defendants to compensate her for the following elements of damages, including but not limited to:

    a. Past and future physical pain and mental anguish;

    b. Past and future loss of earning capacity;

    c. Past and future lost wages;

    d. Past and future disfigurement;

    e. Past and future medical expenses; and

    f. Past and future physical impairment.

38. As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to

damages for the injuries she suffered as a result of this incident.

## IX. CONDITIONS PRECEDENT

39. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## X. NOTICE OF SELF-AUTHENTICATION

40. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby notified that the production by Defendants of any document in response to written discovery authenticates the document for use against Defendants in any pre-trial preceding or at trial.

## XI. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

41. Plaintiff seeks pre- and post-judgment interest as allowed by law.

## XII. JURY DEMAND

42. Plaintiff requests a jury trial on this matter.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiff recover judgment of and from said Defendants, jointly and severally, for her actual damages in this cause in such amounts as the evidence may show and the jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiff may show that they are justly entitled.

Respectfully submitted,

**HILLIARD MARTINEZ GONZALES LLP**

By: *s/ Bradford P. Klager*
    Robert C. Hilliard
    State Bar No. 09677700
    bobh@hmglawfirm.com
    Catherine D. Hilliard
    State Bar No. 24013642
    catherine@hmglawfirm.com
    Rudy Gonzales, Jr.
    State Bar No. 08121700
    rudyg@hmglawfirm.com
    John B. Martinez
    State Bar No. 24010212
    john@hmglawfirm.com
    Marion M. Reilly
    State Bar No. 24079195
    marion@hmglawfirm.com
    Bradford P. Klager
    State Bar No. 24012969
    brad@hmglawfirm.com
    John C. Duff
    State Bar No. 24086979
    jduff@hmglawfirm.com
    Alexander Hilliard
    State Bar No. 24099145
    alex@hmglawfirm.com

719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
Telephone No.: 361.882.1612
Facsimile No.: 361.882.3015

HMGService@hmglawfirm.com
*\*Service by e-mail to this address only.*

**ATTORNEYS FOR PLAINTIFF**