IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAWN JONES | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  3:22-cv-00156 |
| | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |

## <u>WALMART'S 12(b)(6) MOTION FOR PARTIAL DISMISSAL FOR FAILURE TO STATE A CLAIM</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff claims she suffered injuries after she slipped and fell on a grape located on the floor at a Walmart store. This claim sounds exclusively in premises liability, and Walmart does not challenge that claim through this Motion. However, Plaintiff improperly alleges claims for negligence and negligent activity against Walmart for the same slip-and-fall incident, despite pleading no facts to plausibly state those claims. Further, Plaintiff pleaded no facts that plausibly state a claim under theories of negligent training, negligent supervision, or negligent undertaking. There is no alleged actionable tort and no factual pleading for how any Walmart associate was negligently trained or supervised, much less in a manner that caused Plaintiff's incident. Further, an undertaking claim does not exist as a matter of law; but even if the claim was not precluded by already-existing legal duties, Plaintiff pleaded no facts to plausibly allege that anyone had engaged in any form of applicable undertaking. Finally, Plaintiff pleaded no facts to plausibly state exemplary damages claims against Walmart based upon gross negligence or malice.

# I.
## UNDERLYING INCIDENT AND PROCEDURAL HISTORY

1.      Plaintiff, Dawn Jones ("Plaintiff"), claims that on September 7, 2020, she slipped and fell on a grape or grapes located on the floor at a Walmart store in Baytown, Texas. *See* Doc. 1–2 at ¶ 12. Plaintiff filed this lawsuit in the 23rd Judicial District Court of Matagorda County, Texas. *See id.* at 1.

2.      Walmart removed the case to this Court on May 13, 2022. *See* Doc. 1.

3.      After removal, Walmart's counsel felt that several claims in Plaintiff's Original Petition either failed to state a plausible claim on which relief could be granted or were barred under Texas law. Pursuant to this Court's Local Rule 6, Walmart's counsel served Plaintiff's counsel with email correspondence on May 27, 2022, addressing those issues and alerting Plaintiff's counsel to a potential 12(b)(6) and Plaintiff's right to amend. Further, because Walmart's counsel's letter was sent after 5:00 p.m. on the Friday of a holiday weekend, Walmart's counsel advised Plaintiff that she could amend under the Court's Rule 6 any time before Tuesday, June 14, 2022, to ensure that Plaintiff had a complete fourteen-day amendment period, with none of the holiday weekend counting against that time.

4.      Plaintiff did not file an amended complaint in response.

5.      Consistent with the Court's Local Rule 6, Walmart now files this motion.

# II.
## APPLICABLE 12(b)(6) STANDARDS

6.      The pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(interpreting the Supreme Court's earlier ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1949. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 577). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…." *Iqbal*, at 1949.

7.     While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...." *Bell Atlantic Corp.*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief ...." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir.2006), cert. denied, 549 U.S. 825, 127 S.Ct. 181, 166 L.Ed.2d 43 (2006).

8.     When evaluating whether a plaintiff can establish a claim, district courts apply the substantive law of the forum state. *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "And the court is 'bound to apply the law as interpreted by the state's highest court.'" *Hughes*,

278 F.3d at 421 (citing *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68

F.3d 922, 928 (5th Cir. 1995) (quoting *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274

(5th Cir. 1991)).

## III.
## 12(b)(6) CHALLENGES

**A. Plaintiff's slip-and-fall allegations plausibly state a claim only for premises liability and the Court should dismiss Plaintiff's improper attempts to separately base liability for a slip-and-fall claim on general negligence and negligent activity.**

9.      Plaintiff's Original Petition arises out of a straightforward and simple alleged

incident: Plaintiff claims she slipped and fell on a grape or crushed grape located on the

floor of a Walmart store. *See* Doc. 1–2 at ¶ 12. As a result of this slip-and-fall incident,

Plaintiff sued Walmart for negligence, negligent activity, and premises liability. *See id.* at

5–8, ¶¶18–26. But Plaintiff's claim exclusively sounds in premises liability.

10.     In Texas, when a person is injured on a premises and sues the owner/operator

for the injury, the claim may arise under premises liability or negligent activity. These two

causes of action are distinct theories of recovery. *See United Scaffolding, Inc. v. Levine*,

537 S.W.3d 463, 471 (Tex. 2017) (discussing negligent activity versus premises liability);

*General Elec. Co. v. Moritz*, 257 S.W.3d 211, 214-15 (Tex. 2008) (same); *Clayton W.*

*Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997) (explaining distinctions

between negligent activity and premises liability). These theories almost never coexist.

11.     While a claim for negligent activity is based on "affirmative,

contemporaneous conduct by the owner that caused the injury," premises liability is "a

nonfeasance theory based on the owner's failure to take measures to make the property

safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (citations omitted). Recovery on a negligent activity claim requires that the plaintiff has been injured by or as a contemporaneous result of the "activity itself" rather than by a "condition" created by the activity. *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 923 (Tex. App. 2010); *Olivo*, 952 S.W.2d at 527; *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted). But if the injury was caused by a condition created by an activity, as opposed to the activity itself, or was caused by a condition or defect on or with the premises, a plaintiff is limited to a premises liability theory. *Lucas v. Titus County Hosp. Dist./Titus Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App. 1998) (citations omitted).

12.     Here, Plaintiff claims she slipped and fell on a grape or grapes located on the floor. *See* Doc. 1–2 at ¶ 12. A grape or grapes located on the floor is an alleged premises defect or condition and slipping and falling on a grape or grapes located on the floor is a premises liability claim. *See, e.g.*, *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 219 (Tex. 1999); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). This forecloses any attempt by Plaintiff to pass off her premises liability claim as general negligence or negligent activity. Even if a plaintiff "attempt[s] to characterize his claim as something other than premises liability, '[c]reative pleading does not change the nature of a claim.'" *United Scaffolding, Inc.*, 537 S.W.3d at 480 (stating that "if a claim is properly determined to be one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as general negligence" or negligent activity because "such creative pleading would allow plaintiffs to 'plead around the heightened standard for premises

defects, which requires proof of additional elements'... . Likewise, one cannot transform the true nature of a claim by submitting it ... under a different theory of recovery.").

13.     Additionally, negligent activity claims are only proper when the activity itself is affirmative in nature; a negligent activity theory is not proper when it is based upon allegations that a defendant's negligence permitted a condition to exist or when a plaintiff seeks to substitute the defendant's alleged failure to engage in activity in lieu of an affirmative activity. *See, e.g., H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992); *Taylor v. Louis*, 349 S.W.3d 729, 735 (Tex. App.—Houston [14th Dist.] 2011, no pet.) *Carbonara v. Texas Stadium Corp.*, 244 S.W.3d 651, 657 (Tex. App.—Dallas 2008, no pet.); *Bartosh v. Gulf Health Care Center—Galveston*, 178 S.W.3d 434, 446-47 (Tex. App.—Houston [14th Dist.] 2005); *Wal-Mart Stores, Inc. v. Bazan*, 966 S.W.2d 745, 746-47 (Tex. App.—San Antonio 1998, no pet.). In those instances, the claim should either be recast as premises liability or – when both are pleaded – the negligent activity claim should be dismissed in its entirety.

14.     Plaintiff does not factually plead that she was injured by any form of direct, affirmative activity. *See* Doc.1-2 at ¶ 12. Instead, she alleges that the grape or grapes were already located on the floor and that she slipped on that condition. *See id.* at ¶ 12. She faults Walmart for not remedying or warning about "this condition." *See id.* She similarly faults the employees for failing "to promptly clean up the dangerous condition or warn of its presence on the floor within a reasonable time … before the Plaintiff attempted to walk across the slippery section of floor." *See id.* Rather than factually plead any instance of direct, affirmative conduct causing Plaintiff's injury, the "Factual Background" section of

her lawsuit repeatedly invokes the language and elements of premises liability. *See id.* at ¶¶ 12–15 (repeatedly referencing a "condition" or "dangerous condition," the premises liability duties of warning or making reasonably safe, the "unreasonable risk of harm" standard, and the "knew or should have known" standard of notice from premises liability cases); *compare with Keetch*, 845 S.W.2d at 264 (listing elements of premises liability claim), *and TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009) (identifying exclusive premises liability duties to warn or make the condition reasonably safe).

15.     Texas courts have held time and time and time again that slip-and-fall and trip-and-fall cases are premises liability claims, not negligent activity claims. Furthermore, failing to take action regarding a condition, or failing to discover or remove a condition, is not negligent activity and does not give rise to negligence liability independent of premises liability. Plaintiff cannot avoid the burdens of proving a premises liability case by trying to recaption it as a separate and distinct claim for negligence or negligent activity. This Court should dismiss Plaintiff's claims for negligence and negligent activity in their entirety and require Plaintiff to proceed on a claim for premises liability, consistent with Texas law.

**B.     Summary judgment is warranted on any theory of negligent supervision or training, to the extent it is being alleged, because those duties do not exist in premises liability, no one from Walmart committed an actionable tort, and Plaintiff pleaded no facts supporting those claims.**

16.     Plaintiff's lawsuit only include a broad form section for negligence. *See* Doc. 1–2 at ¶¶ 18–22. As part of that section, Plaintiff alleged that Walmart failed to train employees (generally and in relation to conditions or preventing injury) and failed to supervise employees. *See, e.g.*, *id.* at ¶ 21(g), (h), (o), (s), (t), (u). None of these duties exist

in the context of Texas premises liability claims. *See TXI Operations, L.P.*, 278 S.W.3d at 765 (Tex. 2009) (explaining that the sole duties in a premises liability case are the duties to warn about the condition or to make the condition reasonably safe).

17.    Although Plaintiff has not pleaded these allegations as separate or independent claims of negligent training or negligent supervision, to the extent Plaintiff tries to argue to the Court that they are making those claims (which the Court should not permit Plaintiff to do, given Plaintiff's failure to clearly allege those claims or any of their associated legal elements), the Court should dismiss those claims under Rule 12(b)(6).

18.    Employer negligence theories of negligent hiring, training, supervision, or retention are direct liability theories against an employer. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 868 S.W.2d 942, 950 (Tex. App.—Amarillo 1994), *aff'd*, 907 S.W.2d 472 (Tex. 1995); *Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 420 (Tex. App.—Dallas 2007, pet. denied). These claims are very narrow scope and have specific legal requirements. For one, the underlying tortfeasor must be an employee of the defendant and the plaintiff's harm must be a result of the person's employment with the defendant. *See Doe*, 868 S.W.2d at 950 (these theories do "require that a plaintiff's harm be a result of the employment"). Here, Plaintiff has not pleaded any facts to plausibly state a claim for negligent training or supervision, as it relates to either of these requirements.

19.    The employee tortfeasor requirement is embodied through the actionable tort rule. *See, e.g., Wansey v. Hole*, 379 S.W.3d 246, 247-48 (Tex. 2010) (per curiam); *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 384 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The actionable tort rule requires that an employee of the employer defendant

could be found independently liable to the plaintiff for the underlying tort conduct at issue.[1]
*See id.*

20.     Here, Plaintiff does not allege (and has not pleaded any facts plausibly alleging) that any Walmart associate committed an actionable tort against Plaintiff. *See* Doc. 1–2. Instead, Plaintiff faults Walmart, through its employees, with failing to discover the grapes on the floor and failing to make the condition reasonably safe. *See id.* But Walmart's associates do not owe independent duties of care to discover and remove grapes separate and apart from their employment with Walmart; those duties (to the extent they exist in this case) belong to Walmart, as the premises operator. Plaintiff's failure to plead any facts that any Walmart associate committed an actionable tort against her requires dismissal of any claims for negligent training or negligent supervision.

21.     Even aside from Plaintiff's failure to factually support the actionable tort requirement, Plaintiff pleaded no facts to plausibly allege breaches of duty related to training or supervision. The mere fact Plaintiff slipped and fell at a Walmart store is not evidence of negligence. *See Thoreson v. Thompson*, 431 S.W.2d 341, 344 (Tex. 1968). The

---

[1] This is akin to the requirement for the existence of an independent duty of care (something separate and apart from the mere fact of employment) to impose individual liability on an employee, which has repeatedly been examined in the context of improper joinder cases. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (regarding independent duty of care); *Tri v. J. T. T.*, 162 S.W.3d 552, 562–63 (Tex. 2005) (same, to invitor-invitee situations); *see also, e.g.*, *Lowery v. Wal-Mart Stores Tex., LLC,* No. 4:17-CV-0166, 2017 WL 999259, at *4–5 (S.D. Tex. Mar. 15, 2017) (person who had no personal involvement in creating the dangerous condition, owed no independent legal duty and was, therefore, improperly joined); *Stallings v. Wal-Mart Stores, Inc.*, No. 4:16-CV-595, 2016 WL 4398681, at *2 (S.D. Tex. Aug. 18, 2016) (same); *Kopczynski v. Wal-Mart Stores Tex., LP,* No. H-10-4507, 2011 WL 902237 (S.D. Tex. Mar. 14, 2011).

basis for alleging negligent supervision and training liability is a duty created by the foreseeability of an unreasonable risk to others posed by an employee, due to an employer who knows or should know that its employee is incompetent or unfit. *See Houser v. Smith*, 968 S.W.2d 542, 546 (Tex. App.—Austin 1998, no pet.); *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 573 (Tex. App.—Amarillo 2010, pet. denied).

22.     In addition to showing pre-incident incompetency or unfitness and the employer's pre-incident notice, for negligent training a plaintiff must also prove that a reasonably prudent employer would have provided training beyond that which was given and that the failure to do so caused the plaintiff's injuries. *Allsup's Convenience Stores, Inc. v. Warren,* 934 S.W.2d 433, 437 (Tex. App.—Amarillo 1996, writ denied). Similarly, for supervision, in addition to showing the pre-incident incompetency, lack of fitness, and notice, the plaintiff must also show that an employer's failure to supervise its employees caused the plaintiff's injuries. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 913 (Tex. App.—Fort Worth 2008, no pet.). Under this theory, it's not enough for a plaintiff to claim that an employer simply should have supervised or provided different supervision. Instead, the plaintiff must introduce evidence "that the actual supervision [the employer] conducted of its employees on that day was a cause-in-fact" of the injured person's injury. *See Lyle*, A-14-CV-300 LY, 2016 WL 3200303, at *5 (W.D. Tex. June 8, 2016).

23.     Plaintiff failed to plead any facts supporting a plausible claim for negligent training or supervision. Not only did she fail to factually allege (or even identify) a single Walmart employee whom she contends was incompetent or unfit, she also did not plead any facts for why that unidentified employee would have been considered incompetent or

unfit <u>prior</u> to the date of the incident. *See* Doc. 1–2. Similarly, Plaintiff pleaded no facts for why Walmart allegedly knew or should have known that any employee (much less any employee involved in this incident) was incompetent or unfit. *See id.* Plaintiff did not allege a single detail about the backgrounds, training, or prior work activity of any employee that allegedly should have placed Walmart on notice of an issue that might merit training or supervision, or modified training or supervision. Plaintiff did not allege any facts about the training Walmart actually provided to its employees, much less allege why that training caused this incident. *See id.* Plaintiff also pleaded no facts related to Walmart's supervision activity, or the employees at issue, to plausibly state why Walmart's supervision was improper or why Walmart's supervision caused this incident. *See id.* Instead, Plaintiff bases her entire claims of negligence on the mere fact that her incident allegedly occurred, *see id.*, which is not evidence of negligence and does not plausibly support negligent training or supervision. *See H.E. Butt Grocery Co. v. Godawa,* 763 S.W.2d 27, 30 (Tex. App.—Corpus Christi 1998, no pet.) (the mere fact of an accident is not evidence of negligence). Plaintiff's conclusory allegations that Walmart breached duties related to training or supervision do not plausibly state a claim for liability in this generic slip-and-fall case.

**C.    Negligent undertaking is not a viable claim because the alleged duties already exist under Texas law, and Plaintiff pleaded no supporting facts that Walmart undertook any duty where it did not otherwise exist.**

24.    Plaintiff's negligence section also makes a generic reference to Walmart "negligent and improperly undertaking to clean up the mess or warn customers." *See* Doc. 1–2 at ¶ 21(w). To the extent Plaintiff intends this allegation to constitute an independent cause of action for negligent undertaking under Texas law, dismissal is warranted on that

claim. First, negligent undertaking would not apply because the duties to warn and make safe unreasonably dangerous conditions already exist under premises liability law. But even if undertaking liability could arise, Plaintiff pleaded no facts to plausibly state such a claim.

25.     The existence of a legal duty is a question of law for the court. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). The Texas Supreme Court holds that negligent undertaking serves to provide a negligence duty <u>only</u> where no other duty exists. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (citing *Torrington Co. v. Stutzmann*, 46 S.W.3d 829, 838-39 (Tex. 2000)) ("The critical inquiry concerning the duty element of a negligent-undertaking theory is whether a defendant acted in a way that requires the imposition of a duty *where one otherwise would not exist*.") (emphasis added). Essentially, negligent undertaking is a type of gap-filling tort that does not apply to situations where a legal duty already exists and when liability can be determined within that already existing standard. *See, e.g.*, *De Sanchez v. Sporran EE, Inc.*, No. 13-08-00541-CV, 2010 WL 3420572, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2010, no pet.) ("Expreso argues that the trial court did not abuse its discretion in refusing the [negligent undertaking] instruction because a negligent undertaking theory is not appropriate when a particular duty or contractual obligation already exists and liability can be governed within that standard. We agree.").

26.     For example, the Fort Worth Court of Appeals explained that negligent undertaking was not properly submitted to a jury in a case where premises liability standards could resolve liability. *See, e.g.*, *M.A. Mortenson Co. v. Shelton*, No. 02-19-

00435-CV, 2021 WL 2253299, at *4–5 (Tex. App.—Fort Worth June 3, 2021, pet. filed), reh'g denied (July 29, 2021). In *M.A. Mortenson Co.*, the plaintiff, Shelton, was injured in a one-vehicle rollover accident. *Id.* at *1. Shelton sued Mortenson, arguing that the condition of the road was unreasonably dangerous. *Id.* at *1–2. Shelton brought claims for premises liability and negligent undertaking, and the court submitted both causes of action to the jury. *See id.* at *2–3. On appeal, Mortenson argued that the court erred by submitting negligent undertaking because its legal duties and obligations arose under premises liability law. *See id.* at *3. The court of appeals agreed, noting that Shelton had alleged breaches of premises liability duties, which were submitted to the jury; because the premises liability duties and standards governed the resolution of liability, Shelton did not have a viable claim for negligent undertaking. *See id.* at *5.

27.     Here, as discussed *supra* in Section A, Plaintiff's claim that she slipped and fell on a grape located on the floor is a premises liability claim. And because duties to warn and make an alleged unreasonably dangerous condition reasonably safe already exist under premises liability law, there is no duty gap to be filled by a negligent undertaking claim here. Walmart's duties to maintain its premises for invitees already arise under governing law; Plaintiff cannot bypass the requirements of premises liability by trying to recaption the case as negligent undertaking. *See United Scaffolding, Inc.,* 537 S.W.3d at 480 ("[c]reative pleading does not change the nature of a claim."); (if a claim is properly for premises liability, a plaintiff cannot circumvent that by pleading it as negligence or by trying to transform the nature of a claim by submitting it under a different theory). Therefore, Plaintiff's negligent undertaking theory should be dismissed.

28.     Even if the Court looked past Plaintiff's attempt to use negligent undertaking to bypass premises liability, Plaintiff pleaded no facts to plausibly state a negligent undertaking claim. After the existence of a negligent undertaking duty is established, the plaintiff must establish various other legal elements. *See Torrington Co. v. Stutzmann*, 46 S.W.3d 829, 838 (Tex. 2000). Not only does Plaintiff not plead the specific undertaking theory being asserted (reliance or heightened risk), Plaintiff does not factually plead any affirmative undertaking by any defendant to perform any service toward Plaintiff. *See* Doc. 1–2. There is no factual allegation that anyone from Walmart did anything toward Plaintiff, much less a factual allegation of unreasonable performance, reliance, or resulting increased risk. *See id.* Instead, Plaintiff just conclusorily declares (in her negligence section) that Walmart negligently undertook to clean up the mess or warn customers, *see* Doc. 1–2 at ¶ 21(w), despite the facts section of her lawsuit alleging that Walmart failed entirely to remedy the condition, clean it up, or warn about it. *See id.* at ¶¶ 12, 14. A one-sentence conclusory assertion, devoid of any factual pleading, does not plausibly state a negligent undertaking claim and merits dismissal of that claim.

**D.     Plaintiff has not plausibly stated a claim of gross negligence or malice against Walmart.**

29.     Plaintiff's lawsuit also includes a claim against Walmart for exemplary damages based on gross negligence and malice. *See* Doc. 1–2 at ¶¶ 30–34. However, Plaintiff does not allege any legal basis to seek gross negligence or malice damages from Walmart and has not pleaded any facts plausibly stating a claim for exemplary damages against Walmart.

30.     Plaintiff's reference to malice is, inexplicably, made in the context of gross negligence. *See id.* at ¶ 33(a). This cannot be accurate, as malice is its own, separate basis for recovering exemplary damages. Tex. Civ. Prac. & Rem. Code § 41.003(7). Malice requires evidence of a specific intent to cause substantial injury or harm to the plaintiff. *See id.* For example, in *Horizon Health Corp. v. Acadia Healthcare Co.*, the Texas Supreme Court discussed malice in the context of a plaintiff needing clear and convincing evidence of "outrageous, malicious, or otherwise reprehensible conduct" and noted that the plaintiff had to prove that the defendant specifically intended for the plaintiff to "suffer substantial injury that was 'independently and qualitatively different' from the compensable harms associated with the underlying causes of action." *See* 520 S.W.3d 848, 867 (Tex. 2017). There is simply no factual basis to find malice here. Plaintiff does not even attempt to plead the threadbare elements to support a malice claim, and certainly does not factually plead that anyone at Walmart specifically intended for Plaintiff to be injured. *See* Doc. 1-2. 12(b)(6) dismissal is absolutely warranted here on a malice claim for exemplary damages.

31.     As for gross negligence, dismissal is also warranted. Under Texas law, a plaintiff seeking gross negligence must establish both an objective and subjective component. Specifically, she must show that:

a)     The defendant's act or omission, when viewed objectively from the defendant's standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

b)      The defendant had actual, subjective awareness of the risk, but still proceeded with a conscious indifference to the rights, safety, or welfare of others.

TEX. CIV. PRAC. & REM. C. § 41.001(11)(A) & (B). "The standard for proving gross negligence under Texas law is considerably more stringent than the 'reasonable person' standard for ordinary negligence." *Henderson v. Norfolk S. Corp.*, 55 F.3d 1066, 1070–71 (5th Cir. 1995); *see also Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex. 1993) (emphasizing the distinction between gross and ordinary negligence). Evidence of ordinary negligence will not suffice to prove either element of gross negligence. *See Alexander*, 868 S.W.2d at 327 (citing *City of Gladewater v. Pike*, 727 S.W.2d 514, 524 (Tex. 1987)); *see also* TEX. CIV. PRAC. & REM. CODE § 41.003(b). Rather, plaintiffs are required to "show that the defendant's conduct created a strong likelihood of serious harm, 'such as death, grievous physical injury, or financial ruin.' " *Id.* (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994)).

32.      Under the objective element, an extreme risk is "not a remote possibility of injury or even a high probability of minor harm"; it must be the strong likelihood of the types of serious harm noted above. *Boerjan*, 436 S.W.3d at 311 (citation omitted). "[A]n 'extreme degree of risk' is a 'function of both the probability and magnitude of the anticipated injury to the plaintiff." *See Kovaly v. Wal-Mart Stores Tex., LLC*, 157 F. Supp. 3d 666, 670 (S.D. Tex. 2016) (quoting *Moriel*, 879 S.W.2d at 22). The circumstances must be such that "the act would reasonably be thought to be highly dangerous." *Alexander*, 868 S.W.2d at 326 (citing *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 573 (Tex. 1985)). Hindsight is not permitted in evaluating the extreme degree of risk; rather, such

determination must be made <u>at the time</u> the act or omission occurred. *Moriel,* 879 S.W.2d at 23. (emphasis added).

33. Additionally, simply making the premises liability showing of an unreasonable risk of harm is insufficient to justify or support gross negligence or satisfy the 'extreme risk' component. *See Alexander*, 868 S.W.2d at 327. That case is instructive here. In *Alexander*, the 77-year-old plaintiff tripped and fell over a 5/8" ridge located at the base of a concrete ramp leading from the parking lot to the sidewalk in front of a Sam's Club store. *See id.* at 323. Walmart built the ramp, and the ridge occurred after the parking lot settled after being repaved. *See id.* at 324. It was undisputed that Walmart's management knew about the ridge before the plaintiff's incident; the manager had even stumbled on it once. *See id.* However, the Texas Supreme Court held that there was no evidence that Walmart's conduct regarding the ridge created an extreme risk of harm. *See id.* at 327. There was no evidence of any other trip-and-fall incidents on the ridge and there weren't any complaints about it. *See id.* The Texas Supreme Court acknowledged that while it was conceivably that the failure to repair the ridge could result in a serious injury, that conclusion could be true "for virtually all negligent conduct in a personal injury context." *See id.* The negligent failure to warn of or repair that defect did not impose an *extreme risk* creating the *likelihood* of serious injury. *See id.* (emphasis in original). Holding otherwise, the court explained, would eliminate "any meaningful distinction between negligence and gross negligence." *See id.*

34. Under the subjective element, actual awareness means the defendant actually knew about the specific peril at issue, but its acts or omissions demonstrated that it did not

care. *See id.* By way of example, in *U–Haul International, Inc.*, the Texas Supreme Court required the plaintiff to offer evidence that the defendant had actual awareness of parking-brake problems on the specific truck at issue to establish the subjective element of gross negligence. 380 S.W.3d at 137. And because of the requirement of 'conscious indifference,' gross negligence can never be the result of "momentary thoughtlessness, inadvertence, or error of judgment." *See Alexander*, 868 S.W.2d at 326 (citing *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (Tex. 1981)).

35.     Here, there are no facts pleaded whatsoever that would establish that the condition allegedly present at this store on the date of Plaintiff's incident posed a strong likelihood of the type of serious harm required for a gross negligence claim, such as death, grievous physical injury, or financial ruin. Indeed, Plaintiff's lawsuit openly suggests that all she needs to establish an objective basis for gross negligence is a standard premises liability showing. *See* Doc. 1–2 at ¶¶ 30–34 (pleading no facts whatsoever in support of gross negligence and merely reciting the elements of the claim with the words "Wal-Mart Defendants" added). Plaintiff seemingly believes a gross negligence claim is properly available in every premises liability case, a claim which the Texas Supreme Court has emphatically rejected, and seemingly believes that such a claim is plausibly pleaded simply by reciting the elements of that claim.

36.     Further, Plaintiff has failed to plead any actual facts related to this incident beyond the fact that she slipped and fell. Beyond that factual assertion, Plaintiff resorts to making conclusory declarations that Defendant's employees were somehow "aware" of the condition or should have known about it, despite pleading no facts whatsoever to support

this conclusory claim. *See* Doc. 1–2 at ¶¶ 12–17. For example, Plaintiff does not factually plead the identity of any person who supposedly possessed any actual awareness of the condition, nor does Plaintiff plead any facts for how or why these unspecified people were "aware" of the grapes. *See id.* Instead, Plaintiff appears to posit liability exclusively on alleged employee proximity to a condition, which is not itself any evidence of notice. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). None of Plaintiff's conclusory declarations that Walmart knew or should have known about the condition substitute for factual pleading that anyone at Walmart had actual, subjective awareness of the condition sufficient to plausibly state a claim for gross negligence.

## IV.
## CONCLUSION AND PRAYER

37.     Plaintiff had failed to plead any facts that would state a plausible claim for negligent activity, negligence, negligent training, negligent supervision, negligent undertaking, gross negligence exemplary damages, or malice exemplary damages against Walmart in this basic slip-and-fall case. As such, the Court should grant Walmart's 12(b)(6) Motion for Partial Dismiss and should dismiss all those claims, leaving Plaintiff with the standard premises liability claim authorized by Texas law.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
S.D. ID No. 21280
Neal A. Hoffman
State Bar No. 24069936

S.D. ID No. 1048603
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com
nhoffman.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 27th day of June 2022.

>        Bradford P. Klager
>        HILLARD, MARTINEZ, GONZALEZ, LLP
>        719 S. Shoreline Blvd.
>        Corpus Christi, Texas 78401

>                        _/s/ John A. Ramirez_
>                        John A. Ramirez

## CERTIFICATE OF CONFERENCE

Consistent with this Court's Local Rule 6, Walmart's counsel provided the written notice to Plaintiff's counsel required by the Rule. Specifically, Walmart's counsel served that notice on May 27, 2022, via email, to the email address HMGService@hmglawfirm.com, which Plaintiff's counsel specified in their Original Petition as the required email address for service, stating "Service by e-mail to this address only." Because May 27, 2022 was the Friday before the Memorial Day holiday and the Rule 6 correspondence was sent after 5:00 p.m., defense counsel expressly stated in counsel's Rule 6 letter that Plaintiff's counsel could have until Tuesday, June 14, 2022 to file an amended complaint, to ensure that none of the holiday weekend would count against Plaintiff's counsel's fourteen-day period to amend. The Rule 6 correspondence specifically addressed the issues in Plaintiff's Original Petition made the basis of Walmart's Rule 12 motion and specifically advised Plaintiff of her right to amend her complaint within the specified period, which was for more than the fourteen days required by the Court's Rule 6. As of the date Walmart's Rule 12 Motion was filed, Plaintiff did not file an amended complaint.

>                        _/s/ Neal A. Hoffman_
>                        Neal A. Hoffman