IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **DAWN JONES** <br><br> VS. <br><br> **WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC, WAL-MART STORES TEXAS, LP, WAL-MART REAL ESTATE BUSINESS TRUST, AND JOHN DOE NO. 1** | **CIVIL ACTION NO. 3:22-CV-00156** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO WALMART'S PARTIAL MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF RESPONSE**

**TO THE HONORABLE JUDGE OF THE DISTRICT COURT:**

COMES NOW Plaintiff, Dawn Jones, and files this her Response in Opposition to "Walmart's"[1] Motion ("Motion") to Dismiss and Memorandum of Law in Support of Response.

---

[1] The Motion fails to identify which Walmart entity is bringing the Motion.

**Table of Contents**

TABLE OF CONTENTS ................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................... iii

INTRODUCTION ............................................................................................................ 1

PROCEDURAL BACKGROUND ................................................................................... 2

ARGUMENT AND AUTHORITIES .............................................................................. 2

    I.    PRELIMINARY OBJECTION ........................................................................ 2

    II.    LEGAL STANDARD – Rule 12(b)(6) ............................................................ 2

    III.    NEGLIGENT ACTIVITY ............................................................................... 7

    IV.    NEGLIGENT SUPERVISION OR TRAINING ............................................. 8

    V.    NEGLIGENT UNDERTAKING ................................................................... 10

    VI.    GROSS NEGLIGENCE ................................................................................ 12

    VII.    LEAVE TO AMEND – Rule 12(b)(6) .......................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Allsup's Convenience Stores, Inc. v Warren*
    934 S.W.2d 433, 437 (Tx.App.—Amarillo 1996)…………………………………5

*Ashcroft v. Iqbal,*
    556 U.S. 662, 677 (2009) .......................................................................... 2,9

*Bazan, Wal-Mart Stores, Inc. v. Bazan*
    966 S.W.2d 745, 746 (Tx.App.—San Antonio, 1998)…………………………….6

*Bartosh v. Gulf Health Care Center—Galveston*
    178 S.W.3d 434, 446-7 (Tx.App.—Houston [14th Dist.] 2005……………….….5

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................... 2

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,*
    757 F.3d 1125, 1136 (10th Cir. 2014) ........................................................ 3

*Carbonara v. Texas Stadium Corp.*
    244 S.W.3d 651, 656-7 (Tx.App.—Dallas 2008)…………………………………4

*Dangerfield v. Ormsby*
    264 S.W.3d 904, 913 (Tx.App.—Ft. Worth 2008)……………….…………….6

*De Sanchez v. Sporran EE, Inc.*
    2010 WL 3420572 (Tx. App.—Corpus Christi – Edinburg Aug 31, 2010)…..…11

*Del Lago Partners, Inc., v. Smith*
    307 S.W.3d 762 (Tex. 2010)……………………………………………………….6

*H.E. Butt Grocery Co. v. Warner*
    845 S.W.2d 258, 259 (Tex. 1992)………………………………………………….4

*Houser v. Smith*
    968 S.W.2d 542, 546 (Tx.App.—Austin 1998)…………………………………..5

*M.A. Mortenson Co. v. Shelton*
    2021 WL 2253299 (Tx. App,. – Ft. Worth, 2021)……………………………....11

*Taylor v. Louis*
      349 S.W.3d 729, 735 (Tx.App.—Houston [14th Dist.] 2011)……………………6

*TXI Operations, L.P. v. Perry*
      278 S.W.3d 763, 764 (Tex. 2009)……………………………………………5

*Zia Agric. Consulting, LLC v. Tyson Foods, Inc.,*
      No. 1:20-CV-445-KWR-JHR, 2021 WL 245686, at *3 (D.N.M. Jan. 25, 2021) . 2,3

**TO THE HONORABLE JUDGE OF THE DISTRICT COURT:**

COMES NOW Plaintiff, Dawn Jones, and files this her Response in Opposition to Walmart's Motion ("Motion") to Dismiss and Memorandum of Law in Support of Response.

## INTRODUCTION

1.  Dawn Jones is a fifty-five-year-old resident of Baytown, Texas. She was seriously injured when she slipped and fell in the produce section of the Walmart store in Baytown Texas on September 7, 2020. What caused her to fall was either grapes and/or some "other slippery substances" on the floor.[2]

2.  Exercising her right to plead in the alternative, Plaintiff has alleged the defendants were negligent, generally, and including theories of premises liability and negligent activity. Plaintiff also alleged that defendants' negligence rises to the level of gross negligence.

3.  Walmart's Motion repeatedly misstates the allegations of the Plaintiff, and attempts to alter the legal standard for a 12(b)(6) motion to create impossible burdens.

4.  Walmart's arguments are an improper attempt to seek a determination of the sufficiency of the evidence before discovery has begun. The relief sought by the Motion is premature and inconsistent with the rule under which it is brought (FRCP 12(b)(6)).

5.  The Motion goes beyond the issues for which notice was given, and Plaintiff should be allowed to amend her pleading if needed.

---

[2] See Exhibit A to the Notice of Removal [Doc. 1-2], Plaintiff's original petition, in paragraph 12 on page 4.

1

## PROCEDURAL BACKGROUND

6. Plaintiff filed their original petition in the Matagorda County District Court.

7. The Walmart Defendants removed the case to this Court on May 13, 2022. See Doc. 1.

8. Defendant "Walmart" filed its partial Motion to Dismiss on June 27, 2022.

## ARGUMENT AND AUTHORITIES

I. **PRELIMINARY OBJECTION**

9. Plaintiff objects to the Motion, and to any relief it requests, because the Motion does not state on behalf of which "Walmart" defendant it is brought. The Motion fails to provide fair notice of who is making the Motion, or for whom the relief is requested. As such, it should be denied. However, should it be necessary, Plaintiff responds herein, to the Movant, as it identifies itself, as "Walmart" herein, throughout this response.

II. **LEGAL STANDARD - Failure to State a Claim – Rule 12(b)(6)**

10. When properly challenged, a plaintiff must likewise provide fair notice of her claims. To survive a Rule 12(b)(6) motion to dismiss, the Complaint must allege sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). As such, Plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "All well-pleaded factual allegations are 'viewed in the light most favorable to the nonmoving party.'" *Zia Agric. Consulting, LLC v. Tyson Foods, Inc.*, No. 1:20-CV-445-KWR-JHR, 2021 WL 245686, at *3 (D.N.M. Jan. 25, 2021) (quoting

2

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014)). A claim is facial plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). The degree of specificity depends on context. *Id.* "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

11. Plaintiff has pled plausible negligent activity claims against Walmart. Even if the Court finds at this stage that Plaintiff could have been more specific about the facts pertaining to this Defendant, the Court can still deny the motion to dismiss because Plaintiff has alleged a sufficient factual description of injurious conduct by the Walmart to warrant the denial of its motion. *Zia Agric. Consulting*, 2021 WL 245686, at *5 ("Thus, to the extent the complaint is somewhat lacking in individual specificity, it is not enough to grant Defendants' motion on that basis").

12. Defendant's attempt to deny Plaintiff's right to plead in the alternative is also improper. Rule 8 clearly authorizes parties to plead alternative or even inconsistent claims:

> **"A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."**

FRCP 8(d)(2).

> **"A party may state as many separate claims or defenses as it has, regardless of consistency."**

FRCP 8(d)(3). The Movant argues that "These theories" (premises liability and negligent activity) "almost never coexist."[3] The argument, that claims not usually found together should be dismissed, is not sufficient to meet the standard for dismissal under Rule 12(b)(6). But even if, hypothetically speaking, premises liability and negligent activity claims were mutually exclusive, the Plaintiff would still have the right to plead in the alternative. See TRCP 8. The Motion seeks to violate this rule by attempting to foreclose Plaintiff's direct negligence claims prior to discovery of the facts.

13.  In an attempt to justify this position, the Motion relies on law and facts that are easily distinguished. In the *Warner* case, the Texas Supreme Court was reviewing the trial court's decision not to submit a negligent activity instruction to the jury, where the plaintiff failed to plead negligent activity, and failed to request the instruction. *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992).[4]

14.  The *Carbonara* case was an appeal of a no evidence summary judgment, where there were no facts to support either the premises claim or the negligence claim. *Carbonara v. Texas Stadium Corp.,* 244 S.W.3d 651, 656-7 (Tx.App.—Dallas 2008); (pleadings alleged the placement of a trashcan caused his fall, but Carbonera testified that he fell when he was sliding down the railing of an escalator and his leg struck another person on the escalator).

---

[3] See the Motion at paragraph 10 on page 4.
[4] "Because we hold that Warner pleaded and requested submission of only a premises liability theory of recovery, which was submitted by the court, and failed to submit a requested jury instruction supporting any other basis for recovery, we reverse the judgment…" *Warner* at p. 258.

15. The *Bartosh* case was an appeal of a directed verdict on a premises liability claim involving a hospital that was infested with fire ants. *Bartosh v. Gulf Health Care Center—Galveston*, 178 S.W.3d 434, 446-7 (Tx.App.—Houston [14th Dist.] 2005.

16. The *Perry* case does not distinguish "exclusive" duties for premises cases from any other type of negligence case.[5] The determination was not whether the case involving potholes sounded in general negligence or premises liability, but whether the speed limit sign provided an adequate warning. *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764 (Tex. 2009). To claim that a "duty to warn" or questions of the "adequacy of a warning" are exclusive to premises cases would not be a fair summary of the law. Again this case offers nothing for the analysis of the instant case.

17. *Perea* is a lengthy opinion in a medical malpractice case which involved negligent hiring claims. *THI of Tex. At Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 573 (Tx.App.—Amarillo 2010). *Houser* involved the heightened duty to investigate employees who provide care to vulnerable individuals so as to prevent criminal conduct. *Houser v. Smith*, 968 S.W.2d 542, 546 (Tx.App.—Austin 1998). As such, neither case pertains to the arguments made in this motion.

18. *Warren* was a nonsubscriber case where plaintiff alleged she was not properly trained, but the evidence showed she was trained extensively on lifting things, and no proof was offered at trial of what additional training she should have had. *Allsup's Convenience Stores, Inc. v Warren*, 934 S.W.2d 433, 437 (Tx.App.—Amarillo 1996). *Dangerfield*

---

[5] *See the argument in paragraph 14 on page 7 of the Motion.*

involved negligent hiring and negligent supervision claims regarding a security guard in the context of a no evidence summary judgment. The court distinguished between negligent hiring and supervision, stating: "To establish a claim for negligent supervision, a plaintiff must show that the employer's failure to supervise its employees caused his injuries." *Dangerfield* at p. 913. Thus, it is unclear how these cases could support the muddling of the standards of proof for negligent hiring versus negligent training or supervision.

19. *Bazan* was a premises case involving Wal-Mart's failure to remove a razor blade that was on the ground out in the parking lot, which was improperly submitted to the jury, omitting premises factors needed to support the judgment. In *Bazan*, Wal-*Mart Stores, Inc. v. Bazan*, 966 S.W.2d 745, 746 (Tx.App.—San Antonio, 1998); ("Where premises liability is the basis of the plaintiff's complaint the Corbin factors must be given to the jury.")

20. The *Taylor* case began its fact-based analysis by considering that 'the Texas Supreme Court has recognized, "[t]he lines between negligent activity and premises liability are sometimes unclear."' *Taylor v. Louis*, 349 729, 735 (Tx.App.—Houston [14th Dist.] 2011);[6] citing *Del Lago Partners, Inc., v. Smith*, 307 S.W.3d 762 (Tex. 2010). This is especially true when discovery has not yet begun. Standards of review from summary judgments and appealed verdicts should not be applied before discovery, and certainly do not apply 12(b)(6) analysis.

---

[6] *Taylor* was an appeal from the granting of a no evidence summary judgement. *Taylor* at p. 732-3.

6

### III.  NEGLIGENT ACTIVITY – WAS PLED

21.   This is a "simple" and "straightforward" type of case as the Movant admits, and therefore Walmart has fair notice of the allegations and should not be heard to claim otherwise.

22.   Walmart incorrectly alleges that Plaintiff failed to plead she was injured by any activity.[7]  However, this assertion is incorrect.  By way of example, Plaintiff alleged that Walmart was generally negligent in:

> "**r.  Creating and allowing a dangerous condition…**
>
> **v.   Using or allowing unsafe substances on the floor;**
>
> **w.  Negligently and improperly undertaking to clean up the mess or warn customers**"[8]

Plaintiff also specifically alleged **"NEGLIGENT ACTIVITY"** in section "C" of her petition.[9]  Therein it was more specifically alleged that "Plaintiff was injured by or as a contemporaneous result of the above-described activities and/or placement of the slippery substance on the floor."[10]

23.    Thus it is clear that Walmart's allegations are mistaken in claiming that Plaintiff failed to plead any affirmative action on its part.[11]  This argument, based on factually

---

[7] See the Motion at paragraph 14 on page 6.
[8] See Exhibit A to the Notice of Removal [Docket #1], Plaintiff's Original Petition, at items r., v., and w., of paragraph 21 on page 7.
[9] See Exhibit A to the Notice of Removal [Docket #1], Plaintiff's Original Petition, at paragraph C, on page 8.
[10] Id. at paragraph 26.
[11] See the Motion at paragraphs 12 through 14 on pages 5 through 7.

incorrect information, must be rejected, and the relief requested in Section A of Walmart's 12(b)(6) challenges should clearly be denied.

## IV. NEGLIGENT SUPERVISION OR TRAINING – WAS PLED

24. Walmart continues with the erroneous argument that all allegations are premises liability allegations, by also mistakenly claiming that Plaintiff failed to plead separately or independently claims of negligent training or negligent supervsion.[12] However, this assertion is incorrect. Walmart correctly asserts that such allegations would be allegations of direct negligence.[13] As such, they were alleged in the direct negligence section of Plaintiff's original petition, stating Walmart was negligent in:

> "c. Failing to provide adequate safety policies and procedures;
>
> g. Failing to provide necessary and proper procedures and/or to train its employees to identify unreasonably dangerous conditions that existed on the subject premises;
>
> j. Failing to provide, follow and enforce safety rules and regulations for the safety of customers;
>
> o. Failing to properly supervise employees at the time of the incident;
>
> s. Failing to properly communicate safety measures and safety procedures to its employees;
>
> t. Failing to ensure company standards and safety programs were appropriate and adequate, and/or to ensure standards and requirements that were imposed were followed;" [14]

25. Another approach that Walmart takes in the Motion is to claim that it needs more

---

[12] See the Motion at paragraph 17 on page 8.
[13] See the Motion at paragraph 18 on page 8.
[14] See Exhibit A to the Notice of Removal [Docket #1], Plaintiff's Original Petition, at items c., g., j., o., s., and t., of paragraph 21 on pages 6 through 7.

8

information to have notice of Plaintiff's claims.[15] This argument is contrary to the "common sense" approach in *Iqbal* to decide the required "degree of specificity" based on the type of case. *Iqbal* at p. 679. As Walmart admits, this is not a complex case, and yet Walmart argues for some greater level of complexity or detail in the pleadings. While it is goes without saying that some employee(s) are the subject of Plaintiff's allegations, it would defy Iqbal's common-sense approach to require Plaintiff to identify the employee(s) responsible,[16] prior to receiving that information from Walmart in discovery.

26. The Motion then departs even further from 12(b)(6) analysis, inexplicably claiming that Plaintiff must prove the employee(s) involved was/were incompetent or unfit.[17] The Motion continues by demanding proof of the standard of care in the industry, that "a reasonably prudent employer would have provided training beyond that which was given."[18] Additionally, Walmart alleges Plaintiff must introduce proof that the lack of supervision on that particular day caused Plaintiff's injury.[19] Demanding proof is completely inappropriate in the 12(b)(6) context, and these arguments are inappropriate and premature in this context.

27. Next, the Motion claims Plaintiff failed to allege that the failure to train "caused the plaintiff's injuries."[20] This argument is also factually mistaken. The end of the very

---

[15] The Motion at paragraphs 20 through 21 on pages 9 through 10.
[16] The Motion at paragraph 20 on page 9.
[17] The Motion at paragraph 21 on page 9 through 10. The Motion also insists that Plaintiff "allege (or even identify) a single Walmart employee whom she contends was incompetent or unfit" The Motion at paragraph 23 on page 11. Not only would this be difficult before discovery, but these cases (*Dangerfield* and *Warren*) involve different standards and are completely different analyses, as addressed above.
[18] The Motion at paragraph 22 on page 10.
[19] The Motion at paragraph 22 on page 10, inexplicably argues in this 12(b)(6) context that "plaintiff must introduce evidence" that 'the actual supervision … on that day was a cause-in-fact" of the injured person's injury.'
[20] The Motion at Id.

same section (paragraph 21) in Plaintiff's petition alleging negligent training and supervision (quoted above), clearly states:

> **"22.    Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the damages to Plaintiff."** [21]

So, again, Plaintiff did in fact allege what the Motion claims was not alleged.

28.    Walmart's argument on this point concludes by going far beyond Texas law, and waxing philosophical. After criticizing Plaintiff's pre-discovery inability to identify the employee(s) involved,[22] it demands that Plaintiff opine or identify "why Walmart allegedly knew or should have known that any employee … was incompetent or unfit." [23]

29.    But the Motion takes this even farther, beyond the names of the employees involved, and even beyond motives, complaining, "Plaintiff did not allege a single detail about the backgrounds, training, or prior work activity of any employee." [24]

30.    Walmart is clearly attempting to create a legal bar that is an impossible task. But the Court must apply common sense in determining whether the pleadings give fair notice, especially in light of the nature of the case. Here, Walmart knows exactly what this case is about. Walmart might wish there was no way to ever hold it liable, but that is not the law.

## V.    NEGLIGENT UNDERTAKING

---

[21] See Exhibit A to the Notice of Removal [Docket #1], Plaintiff's Original Petition, at paragraph 22 on page 7.
[22] The Motion at paragraph 23 on page 11.
[23] Id.
[24] The Motion at paragraph 23 on page 11.

31.     Walmart's criticism of Plaintiff's negligent undertaking allegations consists of two arguments. Similar to its criticism of her negligent activity claims, Walmart asserts that Plaintiff cannot submit both premises liability and negligent undertaking theories.[25] But that is not the question presented in a 12(b)(6) motion. Which competing or supplemental theory is to be submitted, or not, is to be determined after discovery is had, and the Movant cites no authority[26] to the contrary. Movant's unpublished caselaw that one cannot double-dip by submitting competing theories to the jury[27] is not the issue here. Whether Plaintiff slipped on an actual intact grape, or some other fluid, or grape juice from trampled grapes or an attempted clean up, has not yet been disclosed. Plaintiff has a right to plead in the alternative, and after discovery is had, the case can be submitted to a jury, with all the decisions that entails.

32.     The Motion is critical of Plaintiff's pleading in the alternative that "Walmart negligently undertook to clean up the mess or warn customers" versus "Walmart failed to entirely remedy the condition, clean it up, or warn about it."[28] But this attempt to blindfold the Plaintiff prior to discovery and force a trial strategy before evidence is disclosed is wholly improper and an attempt to work an injustice.

### VI.   GROSS NEGLIGENCE - WHETHER WALMART'S CONDUCT RISES TO THE LEVEL OF GROSS NEGLIGENCE IS A FACT QUESTION

---

[25] The Motion at paragraph 24 on pages 11 through 12.
[26] Movant cites an off-point unpublished case, regarding a failure to find an abuse of discretion in the failure to submit a jury instruction. *De Sanchez v. Sporran EE, Inc.,* 2010 WL 3420572 (Tx. App.—Corpus Christi – Edinburg Aug 31, 2010).
[27] Movant cites to *M.A. Mortenson Co. v. Shelton*, 2021 WL 2253299 (Tx. App,. – Ft. Worth, 2021, pet filed.) for the proposition that premises liability and negligent undertaking cannot be submitted together, which is of course not at issue here, and to be decided much later.
[28] The Motion at paragraph 28 on page 14.

33.     Plaintiff incorporated by reference all of the preceding allegations in the entire petition into the gross negligence paragraph.[29]

34.     Plaintiff alleged that Defendants' conduct constitutes gross negligence, as defined in Texas Civil Practice and Remedies Code § 41.001(11)(A)-(B), set forth in Plaintiff's paragraph 32., where Plaintiff alleged that such conduct satisfies the elements of the statutory definition.[30]

35.     If anything, Plaintiff over-pleaded gross negligence, by providing so many different theories under which it may be found by a jury.  But the issue remains that Movant is seeking to preclude claims based on a lack of evidence it has not yet produced in discovery in order to seek an unfair advantage at this early stage.  This is improper, because a 12(b)(6) motion is determined based on the pleadings, not the evidence.

### VII.   LEAVE TO AMEND

36.     In the alternative, Plaintiff hereby requests leave to amend her pleading.  Local Rule 6 of this Court requires the movant on a Rule 12(b) motion to dismiss "to confer with opposing counsel concerning the expected motion's basis."[31]  To the extent that the Movant makes additional arguments not contained in its letter of conference, the Plaintiff should be allowed to replead.

---

[29] See Exhibit A to the Notice of Removal [Docket #1], Plaintiff's Original Petition, at paragraph 30 on page 9.
[30] See Exhibit A to the Notice of Removal [Docket #1], Plaintiff's Original Petition, at paragraph 30 on pages 9 through 10.
[31] See Local Rule 6.

37. The May 27, 2022 letter of conference[32] argued that premises liability is the exclusive remedy for slip and fall cases, or that it almost is. The letter incorrectly alleges that Plaintiff did not plead an activity caused Plaintiff's injury.[33] The letter incorrectly alleges that Plaintiff did not plead claims of negligent training, negligent supervision, or negligent undertaking.[34] It also incorrectly alleges that Plaintiff is required to plead "why" Walmart knew or should have known of its improper training, why supervision was needed, or how the negligent supervision caused the injury. [35] The letter then incorrectly states that negligent undertaking requires knowing reliance by the plaintiff, and that the duty in a premises liability case precludes any claim of negligent undertaking. [36] Lastly, the letter baldly denies that the pleadings support the elements of gross negligence. [37] The letter also failed to provide any authority for these claims.

38. To the extent that the Motion makes arguments not presented in the letter of conference, Plaintiff would urge that she be allowed to replead and correct any deficiency that the Court should find.

## CONCLUSION

---

[32] Exhibit A.
[33] See paragraph 1, starting on page 1 of the May 27, 2020 letter of conference.
[34] Id. at paragraph 2, on page 2.
[35] Id.
[36] Id.
[37] Id. at paragraph 3, on page 2.

13

Plaintiff requests that the Court DENY Defendant Walmart's Motion to Dismiss, and grant such other and further relief as the Court deems proper, including the opportunity to amend the pleading if necessary.

Respectfully submitted,

**HILLIARD MARTINEZ GONZALES LLP**

By: *s/ Bradford P. Klager*
    Robert C. Hilliard
    State Bar No. 09677700
    bobh@hmglawfirm.com
    Catherine D. Hilliard
    State Bar No. 24013642
    catherine@hmglawfirm.com
    Rudy Gonzales, Jr.
    State Bar No. 08121700
    rudyg@hmglawfirm.com
    John B. Martinez
    State Bar No. 24010212
    john@hmglawfirm.com
    Marion M. Reilly
    State Bar No. 24079195
    marion@hmglawfirm.com
    Bradford P. Klager
    State Bar No. 24012969
    brad@hmglawfirm.com
    John C. Duff
    State Bar No. 24086979
    jduff@hmglawfirm.com
    Alexander Hilliard
    State Bar No. 24099145
    alex@hmglawfirm.com

    719 S. Shoreline Boulevard
    Corpus Christi, Texas 78401
    Telephone No.: 361.882.1612
    Facsimile No.: 361.882.3015

    HMGService@hmglawfirm.com
    ***Service by e-mail to this address only.**
    **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this 18th day of July 2022.

**Via E-Service;**
Neal A. Hoffman
**BUSH & RAMIREZ, PLLC**
**ATTORNEYS AT LAW**
5615 Kirby, Suite 900
Houston, Texas 77005
*Attorneys for Defendants*

/s/ *Bradford P. Klager*
Bradford P. Klager